UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN HOLMES,

                Plaintiff,

-against-

HEALTH FIRST; MEDICARE; MEDICAID,

                Defendants.

1:22-CV-6683 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Benjamin Holmes, who is appearing *pro se*, filed this action under the court's federal question jurisdiction, alleging that the defendants have violated his constitutional rights, as well as his "disability rights." (ECF 2, at 2.) He sues Health First, Medicare, and Medicaid. Plaintiff seeks reimbursement of $2,700 that he allegedly spent to purchase a prescribed bed; he also seeks the issuance of a prescribed "scooter." (*Id.* at 6.)

      By order dated on August 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead certain claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff, who asserts that he now lives in the Bronx, New York, alleges that, in or about 2016, he purchased a prescribed bed for $2,700 from a Sears department store in Savannah, Georgia, with the understanding that Health First, his health-insurance provider, would

reimburse him.[1] He claims that Health First has not reimbursed him for his purchase of the bed; he seeks reimbursement of the amount he paid for the bed, plus interest.

Plaintiff also alleges that, in December 2021, his physician authorized his use of a "scooter."[2] He states that he has not received the scooter yet, and would like to know when he will receive one. He further alleges that, because of his medical conditions, "the government says [he] can get thes[e] things[,] [and he alleges that he has] proof in black and white." (ECF 2, at 6.)

## DISCUSSION

**A.   Claims against Health First**

The Court construes Plaintiff's claims that Health First has violated his constitutional rights as brought under 42 U.S.C. § 1983, and his claims that Health First has violated his "disability rights" as brought under the Rehabilitation Act of 1973. The Court dismisses these claims for the reasons set forth below.

**1.   Claims under Section 1983**

A claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the

---

[1] Plaintiff alleges that he bought the bed in Savannah, Georgia, because Health First does not "have a vendor in South Carolina." (ECF 2, at. 5.) It is unclear from the complaint whether Plaintiff resided in the Bronx, New York, or in South Carolina, at the time that he purchased the bed.

[2] Plaintiff alleges that he has "heart valve [and] lower back problems," as well as diabetes, and describes himself as "a cardiac patient." (ECF 2, at 6.)

3

purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, emphasis in original). Private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

The activity of a private entity may be considered to be state action for the purpose of Section 1983 liability, however, in the following three situations: (1) when the entity acts using the coercive power of the State or is controlled by the State (the "compulsion test"); (2) when the State provides significant encouragement to the entity, the entity willfully participates in joint activity with the State, or the entity's functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

The fundamental question under each test is whether the private entity's challenged actions are "'fairly attributable'" to the State. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). In analyzing whether a private entity has acted as a state actor for the purpose of Section 1983 liability, a court must first "identify[] the specific conduct of which the plaintiff complains, rather than consider the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted). The fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts of the government

because of the contractor's engagement in government contracts. *See Rendell-Baker*, 457 U.S. at 840-41. Furthermore, a private entity does not become a state actor merely by acting in accordance with state regulations. *See id.* at 841. Thus, "a *private insurer's* decision to withhold payment for disputed medical treatment" is not an action fairly attributable to the State such as to make the private insurer a state actor for the purpose of Section 1983 liability. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (emphasis in original); *see id.* at 52 ("Action taken by private entities with the mere approval or acquiescence of the State is not state action."). Accordingly, while "[p]rivate companies frequently administer health benefits and insurance plans[,] . . . [p]roviding health insurance (even if funded by the government) does not transform [a private health-insurance provider] into a state actor." *Clissuras v. Teachers' Ret. Sys. of N.Y.*, Nos. 02-CV-8130, 02-CV-8138, 2003 WL 1701992, at *3 (S.D.N.Y. Mar. 28, 2003).

Plaintiff has asserted no facts showing that Health First, Plaintiff's private health-insurance provider, conducted itself as a state actor when it failed to reimburse him for the purchase of his bed or when it failed to provide him with a scooter. The Court therefore dismisses Plaintiff's claims under Section 1983 against Health First for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    **2.**    **Claims under the Rehabilitation Act**

To state a claim of non-employment disability discrimination under the Rehabilitation Act, a plaintiff must allege that: (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). Additionally, "a plaintiff must show that the defendant[] receive[s] federal

funding." *Henrietta D.*, 331 F.3d at 272; *see* 29 U.S.C. § 794(a) (under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."); *see also* 29 U.S.C. § 794a(a)(2) (remedies available under the Rehabilitation Act are "available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title").

While the United States Court of Appeals for the Second Circuit has not decided whether a "but for" or a less strict "mixed motive" causation standard applies to non-employment disability discrimination claims brought under the Rehabilitation Act,[3] under the "mixed motive" causation standard, the plaintiff need only show that his disability was a motiving factor with respect to the defendant's adverse action against him. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85-86 (2d Cir. 2015) (discussion in the context of the pleading standard for employment discrimination claims under Title VII of the Civil Rights Act of 1964).

---

[3] Following the Supreme Court of the United States's ruling in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), in which it held that "age discrimination must be the 'but-for' cause of an adverse employment action for . . . liability to attach" under the Age Discrimination in Employment Act (ADEA), the Second Circuit has not decided whether "but-for" causation or "mixed motive" causation is required to state a claim of non-employment disability discrimination under the Rehabilitation Act. *Bolmer v. Oliveira*, 594 F.3d 134, 148-49 (2d Cir. 2010) (discussion in the context of Title II of the Americans with Disabilities Act of 1990 ("ADA")); *see Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (standards under Title II of the ADA and the Rehabilitation Act "are generally the same" (quoting *Henrietta D.*, 331 F.3d at 272 (2d Cir. 2003))).

The Court will accept, for the purposes of this order, that Plaintiff has disabilities that constitute a protected characteristic under the Rehabilitation Act. With respect to his claims of non-employment disability discrimination against Health First under that statute, however, Plaintiff alleges no facts showing that: (1) Health First is subject to that statute – that it receives federal funds – or (2) that Health First denied him the opportunity to participate in or benefit from its services, programs, or activities, or otherwise discriminated against him by reason of his disability. In other words, Plaintiff does not provide facts showing that his disabilities were, at least, a motivating factor in Health First's alleged denial of reimbursement for the purchase of his bed, or that his disabilities were a motivating factor in Health First's alleged failure to provide him with a scooter. Without those facts, it appears that Plaintiff is merely dissatisfied with Health First's alleged failure to reimburse him and with its alleged failure to provide him with a scooter. The Court therefore dismisses Plaintiff's claims of disability discrimination against Health First under the Rehabilitation Act for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**B.     Claims against Medicare and Medicaid**

Plaintiff asserts claims against Medicare and Medicaid, which are two government funded health-care programs. "Medicare . . . is a federally funded health-insurance program for the aged and disabled." *Avon Nursing & Rehabilitation v. Becerra*, 995 F.3d 305, 307 (2d Cir. 2021) (citing 42 U.S.C. § 1395c). "Medicaid . . . is a cooperative federal-state medical assistance program for individuals 'whose income and resources are insufficient to meet the costs of necessary medical services.'" *Id.* (quoting 42 U.S.C. § 1396-1 and citing 42 U.S.C. § 1396a). The Court construes Plaintiff's claims against Medicare as brought under the Medicare Act and the Social Security Act, in which he challenges the denial of his administrative claim for Medicare benefits, and his claims against Medicaid as brought against a New York State official,

under Section 1983, arising from the denial of a property interest (Medicaid benefits) without procedural due process of law. For the reasons discussed below, however, the Court must dismiss these claims.

**1.    Medicare**

With respect to claims under the Medicare Act and the Social Security Act, 42 U.S.C. § 405(h) mandates that the judicial review method set forth in 42 U.S.C. § 405(g) is the exclusive method for judicial review, and bars judicial review under other grants of subject matter jurisdiction, "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." [4] *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). In order to challenge the denial of Medicare benefits under Section 405(g), a plaintiff must exhaust his administrative remedies before seeking judicial review. 42 U.S.C. § 405(g), (h); *see Abbey v. Sullivan*, 978 F.2d 37, 41-

---

[4] 42 U.S.C. § 405(h) provides, in relevant part, that:

[t]he findings and decision of the [Secretary of the United States Department of Health and Human Services ("HHS Secretary")] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [HHS Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [HHS Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g) provides, in relevant part, that:

[a]ny individual, after any final decision of the [HHS Secretary] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [HHS Secretary] may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

44 (2d Cir. 1992). This requirement is jurisdictional. *Shalala*, 529 U.S. 1; *Weinberger v. Salfi*, 422 U.S. 749, 757-66 (1975); *see Heckler v. Ringer*, 466 U.S. 602, 622 (1984) ("Because Ringer has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the nonwaivable exhaustion requirement of § 405(g). The District Court, therefore, had no jurisdiction as to respondent Ringer.").

A plaintiff dissatisfied with a Medicare contractor's initial determination of Medicare benefits must follow certain procedures before filing suit in federal court: (1) a plaintiff must request that the contractor perform a redetermination of the claim if the requirements for obtaining a redetermination are met; (2) if dissatisfied with the redetermination, a plaintiff must seek reconsideration from the contractor; (3) if still dissatisfied, the plaintiff must request a hearing by an Administrative Law Judge ("ALJ"); (4) if dissatisfied with the decision of the ALJ, a plaintiff must request that the Medicare Appeals Council ("MAC") review the case; and (5) if the plaintiff is still dissatisfied with the decision made by the MAC, only then may the plaintiff file suit in federal court if the amount remaining in controversy and other requirements for judicial review are met. *See* 42 C.F.R. § 405.904(a)(2); *Townsend v. Cochran*, 528 F. Supp. 3d 209, 212-13 (S.D.N.Y. 2021).

The Second Circuit has determined that judicial waiver of this exhaustion requirement is appropriate in only three circumstances: (1) where the claim is collateral to a demand for benefits; (2) where exhaustion would be futile; and (3) where the plaintiff would suffer irreparable harm if required to exhaust administrative remedies before obtaining relief. *See Abbey*, 978 F.2d at 44. Thus, "[e]xhaustion is the rule, waiver the exception." *Id.*

Here, Plaintiff does not allege that he has exhausted the administrative-review process and received a final decision from the MAC denying his claim for Medicare benefits. He also

9

does not allege facts showing that the Court should waive the exhaustion requirement. Accordingly, the Court dismisses Plaintiff's claims arising from the denial of Medicare benefits for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### 2. Medicaid

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Where a plaintiff sues a defendant "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Generally, procedural due process requires some kind of hearing before a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

Courts have considered Medicaid benefits to be a property interest for the purpose of procedural due process analysis. *See, e.g.*, *Bellin v. Zucker*, 6 F.4th 463, 477-81 (2d Cir. 2021); *Duncan v. Sullivan Cnty.* No. 18-CV-9269, 2020 WL 1033064, at *9 (S.D.N.Y. Mar. 2, 2020); *see generally Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005) ("Social welfare benefits have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause. While not all benefits programs create constitutional property interests, procedural due process protections ordinarily attach where state or federal law confers an entitlement to benefits.") (citation omitted). Federal regulations require that a State taking action on Medicaid benefits must have a hearing system that "meet[s] the due process standards set

10

forth in *Goldberg v. Kelly*," a system providing an adequate hearing. 42 C.F.R. § 431.205(d); *see Goldberg*, 397 U.S. at 261. "[A] state plan participating in Medicaid must 'provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied.'" *Davis v. Shah*, 821 F.3d 231, 239 (2d Cir. 2016) (quoting 42 U.S.C. § 1396a(a)(3)) "That requirement entails both written notice of any intended actions affecting a beneficiary's claim and an evidentiary hearing to contest denials of service." *Id.* (citing 42 C.F.R. §§ 431.206(b), (c), 431.210).

New York State law provides remedies to challenge the deprivation of Medicaid benefits. A claimant may "challenge the denial of Medicaid benefits through a fair hearing held before an ALJ. He [can then seek judicial] review of the ALJ's unfavorable decision in" a proceeding brought in state court under Article 78 of New York Civil Practice Law and Rules ("Article 78 proceeding"). *Marvin v. Peldunas*, No. 21-1824-cv, 2022 WL 2125851, at *2 (2d Cir. June 14, 2022) (summary order) (citing N.Y.C.P.L.R. §§ 7803, 7804, and N.Y. Soc. Serv. Law § 22(9)(b))). An Article 78 proceeding has been held to be an adequate remedy to seek judicial review of the denial of Medicaid benefits. *See id.* (citing and quoting *Harris*, 572 F.3d at 76).

With respect to Plaintiff's claims under Section 1983 arising from the denial of Medicaid benefits without procedural due process of law, Plaintiff alleges no facts showing that he has pursued any state-law remedies, nor anything that would show that those remedies are inadequate. The Court therefore dismisses such claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action for the reasons set forth above. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff 30 days' leave to replead his claims against Health First under the Rehabilitation Act, as well as his claims arising from the denial of Medicare and

11

Medicaid benefits. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 8, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge