UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN HOLES,

                Plaintiff,

-against-

HEALTH FIRST; MEDICARE; MEDICAID,

                Defendants.

1:22-CV-6683 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order dated September 8, 2022, and entered on September 12, 2022, the Court dismissed this *pro se* action, but granted Plaintiff 30 days' leave to replead his claims against Health First under the Rehabilitation Act, as well as his claims arising from the denial of Medicare and Medicaid benefits. (ECF 5.) The Court warned Plaintiff that if he failed to file an amended complaint within the time allowed, the Court would enter judgment dismissing this action for the reasons set forth in the Court's September 8, 2022, order. (*Id.*) Because Plaintiff failed to file an amended complaint, in a judgment dated and entered on November 14, 2022, the Court dismissed this action for the reasons set forth in the Court's September 8, 2022, order. (ECF 6.)

        On December 5, 2022, Plaintiff filed the following submissions: (1) a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure; (2) a notice of appeal; (3) a motion for leave to proceed *in forma pauperis* ("IFP") on appeal; and (4) an application to appeal IFP. (ECF 7 & 8.) For the reasons set forth below, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary, and denies his motion for leave to proceed IFP on appeal, as well as his application to appeal IFP, as moot.

## DISCUSSION

**A.     Motion for an extension of time to file a notice of appeal**

A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The judgment dismissing this action was dated and entered on November 14, 2022. (ECF 14.) Thus, Plaintiff had 30 days from that date, or until December 14, 2022, to file a timely notice of appeal. Plaintiff filed his notice of appeal on December 5, 2022. (ECF 8.) Accordingly, because Plaintiff's notice of appeal is timely, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In its November 14, 2022, judgment, the Court certified under Section 1915(a)(3) "that any appeal from [that] judgment would not be taken in good faith" (ECF 6), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's November 14, 2022, judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal, and his application to appeal IFP, as moot.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF 7) as unnecessary because Plaintiff's notice of appeal is timely. The Court also denies

Plaintiff's motion for leave to proceed IFP on appeal, and his application to appeal IFP, as moot. (ECF 8.)

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge